UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GAETANA SORVILLO,

      Plaintiff,

v.                      Case No: 2:13-cv-629-FtM-29DNF

ACE HARDWARE CORPORATION,
THE SHERWIN-WILLIAMS
COMPANY, individually, W.M.
BARR & COMPANY, INC., and
JOHN DOES 1-5,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Defendant/Cross-Defendant W.M. Barr & Company, Inc.'s Motion to Dismiss Ace Hardware Corporation's Crossclaim and Strike Demand for Attorney's Fees (Doc. #38) filed on October 31, 2013. Defendant/Cross-Plaintiff Ace Hardware Corporation filed a Response (Doc. #49) on December 16, 2013. For the reasons set forth below, the motion is denied.

### I.

This case involves allegations of personal injuries sustained by Plaintiff Gaetana Sorvillo (Sorvillo or Plaintiff) as a result of her exposure to benzene. According to her six-count First Amended Complaint (Doc. #25), Plaintiff used paint removers, wood

finishes, and other similar products (the Products) while working as an antiques refinisher in the early 1990s. (Id. at ¶ 9.) These products allegedly exposed her to benzene which, in turn, allegedly caused her to contract leukemia. (Id. at ¶ 12.) Plaintiff alleges that Defendant/Cross-Plaintiff Ace Hardware Corporation (Ace) and Defendant/Cross-Defendant W.M. Barr & Company, Inc. (Barr) "designed, produced, manufactured, marketed, placed into the stream of commerce, and/or sold" the benzene-containing Products at issue. (Id. at ¶ 11.) Accordingly, Plaintiff seeks recovery for her injuries from Ace and Barr under theories of negligence, gross negligence, and strict liability. (Id. at ¶¶ 13-54.)

On October 11, 2013, Ace filed its Answer and Affirmative Defenses to the First Amended Complaint. (Doc. #26.) Also included in that pleading were Ace's Crossclaims (the Amended Crossclaims) against Cross-Defendants The Sherwin-Williams Company (Sherwin-Williams) and Barr. (Id.) In its Amended Crossclaims, Ace alleges that it "did not design, test, manufacture, market, produce or in any other way create the products to which Plaintiff Sorvillo alleges to have been exposed." (Id. at pp. 4, 6.) Accordingly, Ace contends that any liability it may have to Sorvillo is based on strict liability for participating in the Products' travel through the stream of commerce. (Id. at pp. 5, 7.) Ace further contends that both Sherwin-Williams and Barr

agreed by contract to indemnify Ace for any such liability. (Id., pp. 5-8)  As a result, Ace seeks both contractual and common law indemnity from Sherwin-Williams and Barr, including payment for any settlement or judgment received by Plaintiff and all attorney's fees incurred by Ace in defending this action. (Id.)  On October 31, 2013, Barr moved to dismiss Ace's Amended Crossclaims and strike Ace's demand for attorney's fees. (Doc. #38.)

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take

them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.

## III.

In support of its motion, Barr argues (1) that Ace has failed to properly state a claim for common law indemnity; (2) that Ace's claim for contractual indemnity should be dismissed for failure to establish the existence of an indemnity contract; and (3) that there is no basis for Ace's demand for attorney's fees. (Doc. #38.) Ace responds that it has adequately alleged its indemnity causes of action and that its demand for attorney's fees is proper.  (Doc. #49.)

Florida's substantive law governs in this diversity case. LaTorre v. Connecticut Mut. Life Ins. Co._, 38 F.3d 538, 540 (11th Cir. 1994). "There is a two-part test to prevail on a claim for indemnity under the common law of Florida." Foley v. Luster, 249 F.3d 1281, 1288 (11th Cir. 2001). "First, the party seeking indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another. Second, indemnification can only come from a party who was at fault." Id. (quoting Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 642 (Fla. 1999)). In the products liability context, Florida law recognizes that the mere selling of a defective product manufactured by another does not constitute "fault" and entitles the seller to pursue a common law indemnity claim against the manufacturer. Houdaille Indus., Inc. v. Edwards, 374 So. 2d 490, 493 n.3 (Fla. 1979) (a party who incorporates a supplier's defective component into its product may be entitled to common law indemnity from the supplier); Costco Wholesale Corp. v. Tampa Wholesale Liquor Co., Inc., 573 So. 2d 347, 349 (Fla. 2d DCA 1990) ("a party without fault . . . has a cause of action for common law indemnity . . . against those other parties in the chain of manufacture and distribution who are at fault"); K-Mart Corp. v. Chairs, Inc., 506 So. 2d 7, 9 (Fla. 5th DCA 1987) (seller of a

defective chair could pursue common law indemnity claim against chair's manufacturer).

Here, Ace alleges that it is without fault because it "did not design, test, manufacture, market, produce or in any other way create the products to which Plaintiff Sorvillo alleges to have been exposed." (Doc. #26, pp. 6-7.) Therefore, according to Ace, any liability to Plaintiff will instead be based on strict liability for acting as a wholesaler of Barr's allegedly defective products. (Id.) These allegations, if proven, satisfy both prongs of the common law indemnity test. Though Barr correctly notes that Plaintiff has alleged that Ace was actively negligent, "[f]or purposes of the indemnification . . . cross-claims, defendants are not bound by the allegations of the original complaint and the characterization of conduct set forth therein." Zurich Am. Ins. Co. v. Hi-Mar Specialty Chemicals, LLC, No. 08-CV-80255, 2010 WL 298392, at *3 (S.D. Fla. Jan. 19, 2010) (citing Rea v. Barton Protective Servs., Inc., 660 So. 2d 772, 773 (Fla. 4th DCA 1995)). Accordingly, Ace has adequately alleged a cause of action for common law indemnity.

Ace has also adequately alleged its contractual indemnity cause of action. "A contract for indemnity is an agreement by which the promisor agrees to protect the promisee against loss or damages by reason of liability to a third party." Dade, 731 So.

2d at 643.   Here, Ace alleges that as consideration for Ace's purchase of Barr's products, Barr contractually agreed to indemnify Ace for "any and all third party claims, demands, liabilities, damages, suits, judgments, costs, expenses and reasonable attorney's fees in any manner arising out of or resulting from . . . bodily injury, sickness, disease or death . . . caused by defects in [Barr's] products."   (Doc. #26, p. 7.) According to Ace, this contract entitles it to seek indemnification from Barr for Ace's potential liability to Plaintiff.   (Id.)   Such allegations "are sufficient to raise [Ace's] right to relief under a theory of contractual indemnification above a speculative level."   Osorio v. State Farm Bank, F.S.B., 857 F. Supp. 2d 1312, 1315 (S.D. Fla. 2012).   Though Barr is correct that Ace has not provided the contract in question,[1] such a failure does not warrant dismissal.   Supermedia LLC v. Kantaras & Andreopoulos, No. 11-CV-02328, 2012 WL 895444, at *4 (M.D. Fla. Mar. 15, 2012); Manicini Enters. V. American Exp. Co., 236 F.R.D. 695, 698 (S.D. Fla. 2006). Thus, Ace has adequately pled its cause of action for contractual indemnity.

---

[1] Instead, while it attempts to locate the operative contract, Ace has provided a later-dated agreement which allegedly contains an identical indemnity provision. (Doc. #46, p. 3.)

Finally, "[i]t is well settled under Florida law that the indemnitee may recover reasonable attorney's fees from the indemnitor. Generally, reasonable attorney fees may be recovered in an indemnity action whether the indemnity is implied by law or arises from contract." Carlson Corp. Se. v. Sch. Bd. of Seminole Cnty., Fla., 778 F. Supp. 518, 521 (M.D. Fla. 1991) (internal citations omitted). Thus, there is no basis for striking Ace's demand for attorney's fees.

Accordingly, it is now

**ORDERED:**

Defendant/Cross-Defendant W.M. Barr & Company, Inc.'s Motion to Dismiss Ace Hardware Corporation's Crossclaim and Strike Demand for Attorney's Fees (Doc. #38) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___3rd___ day of June, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


Copies: Counsel of record