UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GAETANA SORVILLO,

    Plaintiff,

v.                                            Case No:   2:13-cv-629-FtM-29DNF

ACE HARDWARE CORPORATION, THE
SHERWIN-WILLIAMS COMPANY, W.M.
BARR & COMPANY, INC. and JOHN
DOES 1-5,

    Defendants.

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This case is before the Court on the Plaintiff, Gaetana Sorvillo's Motion for Leave to File Second Amended Complaint (Doc. 68) filed on June 9, 2014.  The Defendant, Ace Hardware Corporation filed a Response in Opposition (Doc. 70) on June 13, 2014. The Defendant W.M. Barr & Company, Inc. filed a response in Opposition (Doc. 73) on June 19, 2014. The Plaintiff would like to amend the Complaint to correct the allegations regarding the length of the exposure period, to correct a grammatical error, and to remove some language.  The Defendants object to the extension of the exposure period.

    The original Complaint (Doc. 2) was filed in the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida on November 14, 2012. The case was removed on August 28, 2013. The District Court entered an Order (Doc. 22) dismissing the Complaint, and allowing the Plaintiff to file an Amended Complaint.  On October 1, 2013, the Plaintiff filed a

First Amended Complaint (Doc. 25)[1]. In the First Amended Complaint, the Plaintiff alleges that she worked as an antique refinisher from 1992 to 1994. She was exposed to benzene and benzene-containing products manufactured and sold by the Defendants. In May 2009, the Plaintiff was diagnosed with Acute Myelogenious Leukemia, which is a disease of the blood and blood-forming organs. The Plaintiff claims that exposure to the benzene caused or contributed to her contracting Acute Myelogenious Leukemia. The Plaintiff brings a claim for negligence, strict product liability, and gross negligence, against Ace Hardware Corporation; and, negligence, strict product liability, and gross negligence against W. M. Barr & Company. On October 11, 2013, Ace Hardware Corporation filed an Answer, Affirmative Defenses, and a Cross Claim, and on October 14, 2014, the Defendant W.M. Barr & Company, Inc. filed a Motion to Dismiss First Amended Complaint (Doc. 27).

On November 13, 2014, the District Court entered a Case Management and Scheduling Order (Doc. 40) setting the deadline to add parties or amend pleadings to December 16, 2013; the deadline for disclosure of expert reports for the Plaintiff to July 1, 2014; the deadline for disclosure of expert reports for the Defendant to August 15, 2014; and, the discovery deadline to December 31, 2014. The Plaintiff is requesting leave to amend almost six months after the deadline in the Case Management and Scheduling Order (Doc. 40) has passed. In the Motion, the Plaintiff provides in the Local Rule 3.01(g) certification that at a deposition on April 1, 2014, the Plaintiff informed opposing counsel that she would like to amend the exposure period. (Doc. 68, p. 2).

The Scheduling Order in this case controls the course of action unless modified. *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). To modify a Scheduling Order, a

---

1 Even though the Plaintiff lists Kingsway Ace Hardware, Inc. and The Sherwin-Williams Company in the caption of the First Amended Complaint, in paragraph 4, Plaintiff states, "Kingsway Ace Hardware, Inc. was dismissed while this case was pending in state Court. Plaintiff is no longer asserting claims against The Sherwin-Williams Company." (Doc. 25, p. 2, ¶4).

party must show good cause, and the party must show that despite the party's diligence the deadline could not be met. *Id.*, citing Fed. R. Civ. P. 16. If the court finds that the party lacked due diligence, then the inquiry into good cause is ended. *Lord v. Fairway Electric Corp.,* 223 F.Supp.2d 1270, 1277 (M.D. Fla. 2002). The Eleventh Circuit found three factors to consider in assessing diligence: "1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; 2) the information supporting the proposed amendment was available to the plaintiff; and 3) even after acquiring information, the plaintiff delayed in asking for amendment." *Id.*, citing *Sosa v. Airprint Systems, Inc.*, 133 F.3d at 1418.

The Plaintiff is requesting leave to amend the First Amended Complaint to extend the exposure period from 1992 through 1994 to 1992 through 2009, a fifteen year extension. The Plaintiff failed to set forth good cause why she should be permitted to amend the First Amended Complaint nearly six months after the deadline to amend had passed. The Plaintiff failed to assert that she could not have ascertained the total exposure period when filing the Complaint or the First Amended Complaint, that the information regarding the extended exposure period was not available to her at the time of filing the Complaint or the First Amended Complaint, or why she delayed from April 1, 2014 (when she informed opposing counsel that she would like to amend the exposure period) until June 9, 2014 in filing her Motion for Leave to File Second Amended Complaint. The Court determines that the Plaintiff has failed to show due diligence in requesting leave to file a Second Amended Complaint and failed to show good cause.

**IT IS RESPECTFULLY RECOMMEDED:**

That the Motion for Leave to File Second Amended Complaint (Doc. 68) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on June 27, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties