```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

GAETANA SORVILLO,

      Plaintiff,

v.                                             Case No: 2:13-cv-629-FtM-29DNF

ACE HARDWARE CORPORATION, THE SHERWIN-WILLIAMS COMPANY, individually, W.M. BARR & COMPANY, INC., and JOHN DOES 1-5,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Defendant, W.M. Barr & Company, Inc.'s, Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #27) filed on October 14, 2013. Plaintiff filed a Response (Doc. #69) on June 12, 2014.

**I.**

This case involves allegations of personal injuries sustained by Plaintiff Gaetana Sorvillo (Sorvillo or Plaintiff) as a result of her exposure to benzene. According to her six-count First Amended Complaint (Doc. #25), Plaintiff used paint removers, wood finishes, and other similar products (the Products) while working as an antiques refinisher in the early 1990s. (Id. at ¶ 9.) These Products allegedly exposed her to benzene which, in turn, allegedly caused her to develop leukemia. (Id. at ¶ 12.) Plaintiff alleges that Defendants Ace Hardware Corporation (Ace) and W.M. Barr &

Company, Inc. (Barr) "designed, produced, manufactured, marketed, placed into the stream of commerce, and/or sold" the benzene-containing Products at issue. (Id. at ¶ 11.) Accordingly, Plaintiff seeks recovery for her injuries from Ace and Barr under theories of negligence, gross negligence, and strict liability. (Id. at ¶¶ 13-54.). Barr now moves to dismiss the First Amended Complaint, arguing that each of the three counts[1] pertaining to it fail to state a claim, that Sorvillo cannot recover punitive damages, and that Barr and Ace cannot be held jointly and severally liable. (Doc. #27.) Sorvillo responds that each count was adequately pled, that punitive damages are available, and that Ace and Barr can be held joint and severally liable. (Doc. #59.)

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief

---

[1] The First Amended Complaint has two "sets" of Counts One through Three. The first set pertains to Ace and the second pertains to Barr.

2

above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

**A. Negligence (Count One)**

Under Florida law,[2] "[t]o maintain an action for negligence, a plaintiff must establish that the defendant owed a duty, that the defendant breached that duty, and that this breach caused the plaintiff damages." Florida Dep't of Corr. v. Abril, 969 So. 2d 201, 204 (Fla. 2007). Here, Plaintiff alleges that Barr had a duty to all consumers, including Plaintiff, to exercise reasonable care in the creation, manufacturing, production, and distribution of the Products. (Doc. #25, ¶ 37.) Plaintiff further alleges that Barr breached that duty because Barr knew that the Products were carcinogenic yet nevertheless distributed the Products, failed to warn consumers that the Products were dangerous, failed to fix the Products to remove the danger, and failed to explain to consumers how to safely handle the Products. (Id.) According to Plaintiff, these actions caused Plaintiff to be exposed to the Products which, in turn, caused her to develop leukemia. (Id.)

Barr does not contest that it had a duty to consumers such as Sorvillo, or that the actions it is alleged to have committed would constitute a breach of that duty. Instead, Barr argues that the First Amended Complaint is deficient because Sorvillo does not

---

[2] Florida's substantive law governs in this diversity case. LaTorre v. Connecticut Mut. Life Ins. Co., 38 F.3d 538, 540 (11th Cir. 1994).

4

allege how many hours she was exposed to the Products, the specifics of her leukemia diagnosis, or when she first experienced symptoms. Such specificity is not required to state a cause of action for negligence. Even if such information, as Barr insists, constitutes "facts that one would think are within the knowledge of the Plaintiff," there is no requirement that Plaintiff plead them. In re Southeast Banking Corp., 69 F.3d 1539, 1551 (11th Cir. 1995) (Fed. R. Civ. P. 8 does not require a plaintiff to plead with the greatest specificity it can). Accordingly, Sorvillo has adequately alleged her negligence cause of action.

**B.   Strict Liability (Count Two)**

Florida has adopted the strict products liability standard of the Restatement (Second) of Torts § 402A. Jennings v. BIC Corp., 181 F.3d 1250, 1255 (11th Cir. 1999) (citing West v. Caterpillar Tractor Co., 336 So. 2d 80, 87 (Fla. 1976)). "Under this standard, the manufacturer of a defective product can be held liable if the manufacturer made the product in question, if the product has a defect that renders it unreasonably dangerous, and if the unreasonably dangerous condition is the proximate cause of the plaintiff's injury." Id. A product may be defective by virtue of a design defect, a manufacturing defect, or an inadequate warning. Id.

Although Barr contends that Sorvillo has not demonstrated that Barr had a sufficient relationship to the Products, Sorvillo

5

alleges that Barr "designed, produced, manufactured, marketed, sold and/or otherwise put into the stream of commerce" various benzene-containing Products. (Doc. #25, ¶ 41.) Further, according to Plaintiff, the Products were defective and "unreasonably dangerous" because they were contaminated by benzene, a "highly toxic, deleterious, poisonous and harmful" substance but "were not accompanied by any or adequate warnings advising of the dangers of exposure to benzene or of precautions for the use of benzene-containing products." (Id. at ¶ 42.) Plaintiff also alleges that her leukemia was the proximate result of her exposure to the defective Products. (Id. at ¶ 47.) Accordingly, Sorvillo has adequately alleged her strict liability cause of action.

**C.   Gross Negligence (Count Three)**

To state a cause of action for gross negligence, Sorvillo must allege: "(1) the existence of a composite of circumstances which, together, constitute an imminent or clear and present danger amounting to more than the normal and usual peril; (2) a showing of chargeable knowledge or awareness of the imminent danger; and (3) an act of omission occurring in a manner which evinces a conscious disregard of the consequences." Deutsche Bank Nat. Trust Co. v. Foxx, 971 F. Supp. 2d 1106, 1117 (M.D. Fla. 2013).

Here, Sorvillo alleges that benzene has been a known cause of leukemia "in the relevant and publicly available scientific literature dating back to the early and mid-1900's," and, therefore, Barr knew or should have known of benzene's dangers.

6

(Doc. #25, ¶ 50.) Accordingly, Sorvillo alleges that Barr exhibited willful and wanton misconduct by including benzene in its products despite knowing it "would have a toxic, poisonous and highly deleterious effect" upon those who used Barr's products. (<u>Id.</u>) Barr argues that these allegations are unsupported legal conclusions that are insufficient to state a cause of action for gross negligence. (Doc. #27, p. 7) The Court disagrees. Sorvillo's assertion that Barr knew the Products were carcinogenic as evidenced by widely-available scientific literature are sufficient to allege that Barr had knowledge that the Products constituted an imminent danger. Further, her assertion that Barr failed to warn the public of the known danger is sufficient to allege that Barr acted with a conscious disregard to the consequences. Accordingly, Sorvillo has adequately alleged her gross negligence cause of action.

**D.   Punitive Damages**

In her prayer for relief, Sorvillo seeks general, compensatory, special and punitive damages. (Doc. #25, p. 14.) Barr argues that the demand for punitive damages should be stricken because Sorvillo does not allege that Barr committed any "specific acts" that would give rise to such an award. (Doc. #27, p. 7) In order to be entitled to punitive damages, Sorvillo must show that Barr's conduct was

> of a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or

7

> there is that entire want of care which would raise
> the presumption of a conscious indifference to
> consequences, or which shows wantonness or
> recklessness, or a grossly careless disregard of
> the safety and welfare of the public, or that
> reckless indifference to the rights of others which
> is equivalent to an intentional violation of them.

Am. Cyanamid Co. v. Roy, 498 So. 2d 859, 861-62 (Fla. 1986).

Here, Sorvillo alleges that Barr, "knew its products contained benzene [and] knew benzene was a carcinogen, yet continued to design, produce, manufacture, market, sell and/or otherwise put into the stream of commerce its Products for its economic benefit." (Doc. #25, ¶ 54.) If, as Sorvillo alleges, Barr knew that the Products were carcinogenic but, nevertheless, continued to produce then without warning the public, such conduct evidences the reckless disregard for human life or safety cited by the Florida Supreme Court in Roy as sufficient for an award of punitive damages. Accordingly, the Court will not strike Sorvillo's demand for punitive damages.

**E.  Joint and Several Liability**

Sorvillo's prayer for relief requests that Defendants be held jointly and severally liable for damages resulting from her strict liability (Count Two) and gross negligence (Count Three) causes of action. (Doc. #25, p. 14.) Barr argues that those requests must be stricken because joint and several liability is not available under Florida law. (Doc. #27, pp. 9-10.)

In Florida, the apportionment of damages is governed by Fla. Stat. § 768.81. Section 768.81(3) provides that "[i]n a negligence

> there is that entire want of care which would raise
> the presumption of a conscious indifference to
> consequences, or which shows wantonness or
> recklessness, or a grossly careless disregard of
> the safety and welfare of the public, or that
> reckless indifference to the rights of others which
> is equivalent to an intentional violation of them.

Am. Cyanamid Co. v. Roy, 498 So. 2d 859, 861-62 (Fla. 1986).

Here, Sorvillo alleges that Barr, "knew its products contained benzene [and] knew benzene was a carcinogen, yet continued to design, produce, manufacture, market, sell and/or otherwise put into the stream of commerce its Products for its economic benefit." (Doc. #25, ¶ 54.) If, as Sorvillo alleges, Barr knew that the Products were carcinogenic but, nevertheless, continued to produce then without warning the public, such conduct evidences the reckless disregard for human life or safety cited by the Florida Supreme Court in Roy as sufficient for an award of punitive damages. Accordingly, the Court will not strike Sorvillo's demand for punitive damages.

**E.  Joint and Several Liability**

Sorvillo's prayer for relief requests that Defendants be held jointly and severally liable for damages resulting from her strict liability (Count Two) and gross negligence (Count Three) causes of action. (Doc. #25, p. 14.) Barr argues that those requests must be stricken because joint and several liability is not available under Florida law. (Doc. #27, pp. 9-10.)

In Florida, the apportionment of damages is governed by Fla. Stat. § 768.81. Section 768.81(3) provides that "[i]n a negligence

action, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of joint and several liability." Fla. Stat. § 768.81(3). The Florida Legislature abolished joint and several liability for economic damages in 2006. See Wal-Mart Stores, Inc. v. Strachan, 82 So. 3d 1052, 1053 (Fla. 4th DCA 2011). Section 768.81's definition of "negligence action" includes products liability actions based upon theories of negligence or strict liability. Fla. Stat. §§ 768.81(c)-(d). Accordingly, joint and several liability is not available for products liability causes of action alleging negligence or strict liability if those causes of action accrued after the April 26, 2006 effective date of the amendments to Section 768.81. Millette v. DEK Technologies, Inc., No. 08-CV-60639, 2009 WL 3568648, at *2 (S.D. Fla. Oct. 30, 2009). However, the bar on joint and several liability does not apply to "any action based upon an intentional tort." Fla. Stat. 768.84(4)(b); Hennis v. City Tropics Bistro, Inc., 1 So. 3d 1152, 1154-55 (Fla. 5th DCA 2009). An intentional tort is "one in which the actor exhibits a deliberate intent to injure or engages in conduct which is substantially certain to result in injury or death." D'Amario v. Ford Motor Co., 806 So. 2d 424, 438 (Fla. 2002).

Here, Sorvillo alleges she developed leukemia via prolonged exposure to benzene. Such ailments are commonly referred to as

9

"latent" or "creeping" diseases. <u>Carter v. Brown & Williamson Tobacco Corp.</u>, 778 So. 2d 932, 937 (Fla. 2000). Because it is difficult to pinpoint when latent or creeping diseases begin, in products liability cases involving such conditions, a cause of action accrues "only when the accumulated effects of the deleterious substance manifest themselves to the claimant in a way which supplies some evidence of causal relationship to the manufactured product." <u>Id.</u> According to Sorvillo, "her injuries did not manifest themselves until her diagnosis . . . in May 2009." (Doc. #69, p. 6.) Thus, Sorvillo's causes of action could not have accrued until after the abolishment of joint and several liability. Accordingly, Defendants will not be held jointly and severally liable for Sorvillo's negligence and strict liability causes of action (Counts One and Two). However, joint and several liability may be available if Sorvillo's allegations that Defendants were grossly negligent rise to the level of alleging an intentional tort.

In support of her gross negligence cause of action, Sorvillo alleges that Ace and Barr knew the Products were highly likely to injure the public because they "knew [their] products contained benzene [and] knew benzene was a carcinogen, yet continued to design, produce, manufacture, market, sell and/or otherwise put into the stream of commerce [their] Products for [their] economic benefit." (Doc. #25, ¶¶ 33, 54.) This conduct, if proven, could

10

rise to the level of an intentional tort as defined in D'Amario. Accordingly, the Court will not strike Sorvillo's demand for joint and several liability in connection with her gross negligence cause of action (Count Three).

Accordingly, it is now

**ORDERED:**

Defendant's Defendant, W.M. Barr & Company, Inc.'s, Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #27) is **GRANTED IN PART AND DENIED IN PART.** Sorvillo's demand that Defendants be held jointly and severally liable under a theory of strict liability is **STRICKEN.** The motion is otherwise **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of July, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

11